## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC WALRAVEN,

  Plaintiff,

v.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
I.C. SYSTEM, INC.,  FIRSTPOINT
COLLECTION RESOURCES, INC., and
PPL ELECTRIC UTILITIES CORPORATION

  Defendants.

Civil Action No.

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Eric Walraven ("Plaintiff"), by and through counsel, hereby files this Complaint against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), I.C. System, Inc. ("ICS"), FirstPoint Collection Resources, Inc. ("FirstPoint"), and PPL Electric Utilities Corporation ("PPL"), alleging damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692 et seq., and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. section 2270.1 et seq.

**PARTIES**

2. Plaintiff Eric Walraven is an adult individual residing in Nottingham, Pennsylvania.

3. Trans Union is a Delaware limited liability company registered to conduct business in

the Commonwealth of Pennsylvania.

4. Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

5. ICS is a Minnesota corporation registered to conduct business in the Commonwealth of Pennsylvania.

6. FirstPoint is registered to conduct business in the Commonwealth of Pennsylvania.

7. PPL is a Pennsylvania corporation registered to conduct business in the Commonwealth of Pennsylvania.

**JURISDICTION AND VENUE**

8. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

9. This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside in this District.

**STATEMENT OF FACTS**

11. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1681a(c) and 15 U.S.C. section 1692a(3).

12. Experian is a consumer reporting agency ("CRA") as defined by 15 U.S.C. section 1681a(f), which regularly assembles and evaluates consumer credit information for the purpose

of furnishing consumer reports to third parties.

13. Trans Union is a CRA as defined by 15 U.S.C. section 1681a(f), which regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties.

14. Trans Union and Experian have been and continue to sell credit reports about Plaintiff.

15. The credit reports sold by Trans Union and Experian are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

16. ICS is a "debt collector" as defined by 15 U.S.C. section 1692a(6) and a "furnisher of information" under 15 U.S.C. section 1681s-2.

17. FirstPoint is a "debt collector" as defined by 15 U.S.C. section 1692a(6).

18. PPL is a "creditor" and/or "debt collector" as that term is defined by the FCEUA. 73 P.S. §2770.3.

19. All contacts between PPL, ICS, FirstPoint and Plaintiff were "communications" relating to a "debt" as defined by the FDCPA and FCEUA. 15 U.S.C. §§ 1692a(2), 1692a(5), 73 P.S. § 2270.3.

20. In or around November 2024, Plaintiff moved out of the apartment he was renting at the time and gave notice to PPL of the same so that billing of electricity could revert back to the apartment owner.

21. Notwithstanding the above, PPL continued to bill Plaintiff for electric service for months beyond his move out date.

22. Thereafter, PPL began collection activities against Plaintiff for electric services that

he was not responsible to pay (the "debt").

23. The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

24. Specifically, PPL enlisted ICS to engage in collection activities which included reporting the debt to Experian and Trans Union in July 2025 (the "inaccurate information").

25. Moreover, in May 2026, PPL then engaged FirstPoint to collect the debt, including sending Plaintiff dunning letters and relentlessly sending Plaintiff text messages.

26. The activities described above were all done by PPL, ICS and FirstPoint in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

27. PPL, ICS and FirstPoint acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

28. PPL, ICS and FirstPoint acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

29. PPL, ICS and FirstPoint acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

30. PPL, ICS and FirstPoint acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

31. PPL, ICS and FirstPoint knew or should have known that their actions violated the FDCPA and/or FCEUA. Additionally, PPL, ICS and FirstPoint could have taken the steps necessary to bring their agents' actions within compliance but neglected to do so and failed to

4

adequately review those actions to ensure compliance with said laws.

32. Trans Union and Experian also have been selling credit reports about Plaintiff with the Inaccurate Information on them to third parties.

33. The Inaccurate Information negatively reflects upon Plaintiff, his credit repayment history, his financial responsibility as a debtor and his credit worthiness.

34. Trans Union and Experian accordingly negligently and recklessly failed to employ reasonable procedures to assure maximum possible accuracy in preparing Plaintiff's credit reports.

35. In November 2025, Plaintiff submitted disputes to both Experian and Trans Union about the debt following Experian and Trans Union's procedures for waging a dispute..

36. Experian and Trans Union provided ICS with notice of Plaintiff's dispute.

37. Notwithstanding Plaintiff's efforts, Trans Union and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union and Experian have repeatedly published and disseminated consumer reports to such third parties from at least November 2025.

38. Trans Union and Experian negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to contact persons or entities with knowledge about the account; requesting or obtaining other relevant documents

from the entities furnishing the inaccurate information; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

39. Trans Union and Experian also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

40. ICS has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from Trans Union and Experian, *inter alia,* by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to contact persons or entities with knowledge about the account including PPL and or the apartment owner; and/or failing to report the account as disputed.

41. ICS also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

42. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of harm to credit reputation and credit score, time spent disputing, and emotional distress.

43. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or

6

employment, and under the direct supervision and control of the Defendants herein.

44. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I – EXPERIAN and TRANS UNION
### VIOLATIONS OF THE FCRA

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. Trans Union and Experian violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiff as described above. 15 U.S.C. § 1681e(b).

47. Trans Union and Experian also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

48. The conduct of Trans Union and Experian was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

49. As a result of the violations of the FCRA by Trans Union and Experian identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

## COUNT II – ICS
### VIOLATIONS OF THE FCRA

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7

51. ICS violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff disputes as described above. 15 U.S.C. §1681s-2(b).

52. The conduct of ICS was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

53. As a result of the violations of the FCRA by ICS identified herein, ICS is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

**COUNT III – ICS and FIRSTPOINT
VIOLATIONS OF FDCPA**

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. ICS and FirstPoint violated the FDCPA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

56. ICS and FirstPoint violated the FDCPA as described above by using false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

57. ICS and FirstPoint violated the FDCPA as described above by misrepresenting the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2)(A).

58. ICS and FirstPoint violated the FDCPA as described above by the use of false representation or deceptive means to collect or attempt to collect against Plaintiff. 15 U.S.C. § 1692e(10).

59. ICS and FirstPoint violated the FDCPA as described above by using unfair or

8

unconscionable means to attempt to collect the debt. 15 U.S.C. § 1692f.

60. ICS and FirstPoint acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the inflated balance of the alleged debt.

61. As a result of the above violations of the FDCPA, ICS and FirstPoint is liable to Plaintiff for: statutory damages, actual damages and attorneys' fees and costs. 15 U.S.C. § 1692k.

**COUNT IV – PPL**
**VIOLATIONS OF FCEUA**

62. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

63. PPL a creditor under the FCEUA, violated the FCEUA as described above by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 73 P.S. §2770.4(b)(4).

64. PPL violated the FCEUA as described above by using false, deceptive or misleading representations or means in connection with the collection of any debt. 73 P.S. §2770.4(b)(5).

65. PPL violated the FCEUA as described above by misrepresenting the character, amount, or legal status of the debt. 73 P.S. §2770.4(b)(5)(ii).

66. PPL violated the FCEUA as described above by the use of false representation or deceptive means to collect or attempt to collect against Plaintiff. 73 P.S. §2770.4(b)(5)(x).

67. PPL violated the FCEUA as described above by using unfair or unconscionable means to attempt to collect the debt. 73 P.S. §2770.4(b)(6).

68. PPL's acts as described above were done with malicious, intentional, willful, reckless,

9

wanton and negligent disregard for Plaintiff's rights under the law.

69. PPL's conduct was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

70. PPL's violations of the FCEUA identified herein constitute a violation of the UTPCPL and, as a result, Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees. 73 P.S. §2770.5(a), 73 P.S. 201-9.2(a).

## JURY TRIAL DEMAND

71. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k(a)(3), 73 P.S. 201-9.2(a); and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: July 22, 2026

11