**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ERIC WALRAVEN,<br>Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC., I.C. SYSTEM, INC.; FIRSTPOINT COLLECTION RESOURCES, INC.; and PPL ELECTRIC UTILITIES CORPORATION<br>Defendants. | CASE NO. 2:26-cv-05220-JFM |

---

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Defendant Trans Union LLC ("Trans Union"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Eric Walraven. Trans Union specifically denies that it has engaged in any conduct which violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Unless expressly admitted, Trans Union denies each and every allegation set forth in Plaintiff's Complaint.

**PRELIMINARY STATEMENT**

1. Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

2. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## JURISDICTION AND VENUE

8. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## STATEMENT OF FACTS

11. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

37. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

38. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

44. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT I – EXPERIAN AND TRANS UNION**
**VIOLATIONS OF THE FCRA**

45. Trans Union reasserts its answers and responses set forth herein.

46. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT II – ICS**
**VIOLATIONS OF THE FCRA**

50. Trans Union reasserts its answers and responses set forth herein.

51. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT III – ICS and FIRSTPOINT**
**VIOLATIONS OF FDCPA**

54. Trans Union reasserts its answers and responses set forth herein.

55. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT IV – PPL**
**VIOLATIONS OF FCEUA**

62. Trans Union reasserts its answers and responses set forth herein.

63. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY TRIAL DEMAND

71. Trans Union admits that Plaintiff demands a jury on all issues so triable.

## PRAYER FOR RELIEF

Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff was true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

6. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

7. Plaintiff has failed to take reasonable steps to mitigate their damages, if any.

8. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

10. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

11. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

12. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

13. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: October 5, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: *<u>/s/ Brittany Erin Wallace</u>*

Brittany E. Wallace (PA ID No. 337987)
Krista A. Rose (PA ID No. 332042)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, Pennsylvania 19102
T: 215-665-8700
F: 215-665-8760
brittany.wallace@bipc.com
*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on the **5th day of October, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Greg Gorski, Esq.<br>greg@greggorskilaw.com | Brendan H. Little, Esq.<br>blittle@lippes.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of October, 2026**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Brittany Erin Wallace*
Brittany Erin Wallace

*Counsel for Defendant Trans Union LLC*