**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC WALRAVEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:26-cv-05220-JFM** |
| | ) | |
| **TRANS UNION, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT I.C. SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant I.C. System, Inc. ("IC") answers Plaintiff's Complaint as follows. The numbered responses below correspond to the numbered paragraphs of the Complaint.

### PRELIMINARY STATEMENT

1. IC admits that Plaintiff filed this action alleging violations of the statutes identified in paragraph 1. IC denies that it violated any statute or that Plaintiff is entitled to relief against IC.

### PARTIES

2. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

3. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5. Admitted.

6. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

**JURISDICTION AND VENUE**

8. IC admits that the Complaint asserts claims arising under federal law and that 28 U.S.C. § 1331 provides federal question jurisdiction, subject to the requirements of Article III. IC denies any remaining allegations.

9. IC admits that 28 U.S.C. § 1367 governs supplemental jurisdiction. Paragraph 9 otherwise states legal conclusions to which no response is required. To the extent a response is required, IC denies the remaining allegations.

10. IC admits that venue is proper in this District for the claims asserted against it. IC lacks knowledge or information sufficient to form a belief about the allegations concerning the other Defendants and therefore denies them.

**STATEMENT OF FACTS**

11. IC admits that Plaintiff is an individual and a consumer within the meaning of 15 U.S.C. § 1681a(c). IC admits that the account placed with it was identified as a consumer account. IC denies any remaining allegations.

12. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies them.

16. IC admits that it engages in the collection of consumer debts owed to others and furnishes account information to consumer reporting agencies. IC admits that it acted as a debt collector with respect to the account at issue and was subject to the applicable requirements of 15 U.S.C. § 1681s-2(b). IC denies any remaining allegations.

17. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19. IC admits that it undertook collection activity concerning an account PPL placed with it and that the account was identified as a consumer account. IC denies that every contact necessarily satisfies each statutory definition alleged. IC lacks knowledge or information sufficient to form a belief about the contacts of PPL and FirstPoint with Plaintiff and therefore denies those allegations.

20. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23. IC admits that PPL placed the account with IC as a consumer account for residential electric service. IC lacks knowledge or information sufficient to form a belief about the underlying transaction beyond the information furnished by PPL and therefore denies the remaining allegations.

24. IC admits that PPL placed an account in Plaintiff's name with IC for collection on July 30, 2025, and that IC subsequently furnished account information to Experian and Trans Union. IC denies that it began reporting the account in July 2025; its records reflect initial reporting on October 5, 2025. IC denies that the information it furnished was inaccurate and denies the remaining allegations.

25. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies them.

26. IC denies the allegations in paragraph 26 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

27. IC denies the allegations in paragraph 27 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

28. IC denies the allegations in paragraph 28 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

29. IC denies the allegations in paragraph 29 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

30. IC denies the allegations in paragraph 30 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

31. IC denies the allegations in paragraph 31 concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning PPL and FirstPoint and therefore denies them.

32. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies them.

33. IC denies that it furnished inaccurate information. IC lacks knowledge or information sufficient to form a belief about the alleged effects on Plaintiff's credit history, financial responsibility, or creditworthiness and therefore denies the remaining allegations.

34. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies them.

35. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies them.

36. IC admits receiving electronic dispute notices concerning the account from Experian and Trans Union in November 2025. IC denies any characterization of those notices inconsistent with their contents as reflected in IC's records.

37. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies them.

38. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies them.

39. IC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies them.

40. Denied. IC admits that it processed electronic dispute notices concerning the account and that its records reflect a dispute notation. IC denies that its investigations were untimely or unreasonable or that it failed to comply with any applicable statutory duty.

41. Denied.

42. IC denies that any act or omission by IC caused Plaintiff injury or damages. IC lacks knowledge or information sufficient to form a belief about Plaintiff's alleged injuries and damages and therefore denies the remaining allegations.

43. IC admits that it acts through employees and agents within the scope of their duties. IC denies the remaining allegations concerning IC and lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

44. IC denies the allegations concerning IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

**COUNT I**

45. IC incorporates its responses to the preceding paragraphs as though fully set forth here.

46. Paragraph 46 concerns claims directed against Experian and Trans Union, rather than IC. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

47. Paragraph 47 concerns claims directed against Experian and Trans Union, rather than IC. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

48. Paragraph 48 concerns claims directed against Experian and Trans Union, rather than IC. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

49. Paragraph 49 concerns claims directed against Experian and Trans Union, rather than IC. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

**COUNT II**

50. IC incorporates its responses to the preceding paragraphs as though fully set forth here.

51. Denied.

52. Denied.

53. Denied.

**COUNT III**

54. IC incorporates its responses to the preceding paragraphs as though fully set forth here.

55. IC denies the allegations in paragraph 55 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

56. IC denies the allegations in paragraph 56 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

57. IC denies the allegations in paragraph 57 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

58. IC denies the allegations in paragraph 58 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

59. IC denies the allegations in paragraph 59 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

60. IC denies the allegations in paragraph 60 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

61. IC denies the allegations in paragraph 61 concerning IC, including any alleged statutory violation or entitlement to relief against IC. IC lacks knowledge or information sufficient to form a belief about the allegations concerning FirstPoint and therefore denies them.

**COUNT IV**

62. IC incorporates its responses to the preceding paragraphs as though fully set forth here.

63. Paragraph 63 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

64. Paragraph 64 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

65. Paragraph 65 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

66. Paragraph 66 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

67. Paragraph 67 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

68. Paragraph 68 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

69. Paragraph 69 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

70. Paragraph 70 asserts allegations against PPL. To the extent a response from IC is required, IC lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them. IC denies any allegation of liability or wrongdoing by IC.

## JURY TRIAL DEMAND

71. IC acknowledges Plaintiff's jury demand and demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

IC denies that Plaintiff is entitled to any relief against IC requested in the Prayer for Relief, including subparagraphs (a) through (e). IC denies every allegation of the Complaint not expressly admitted above.

## DEFENSES

### 1. Failure to State a Claim

The Complaint fails to state a claim against IC upon which relief may be granted. In particular, allegations that Plaintiff notified PPL of a move and that PPL continued billing him fail, without more, to establish that IC furnished an objectively verifiable inaccuracy or acted unreasonably upon the dispute information it received.

## 2. Bona Fide Error

To the extent an FDCPA violation occurred, it was unintentional and resulted from a bona fide error notwithstanding procedures reasonably adapted to avoid that error, within the meaning of 15 U.S.C. § 1692k(c). PPL supplied IC with the account information for collection, and IC relied on that information in its collection activity. This defense concerns factual or clerical error, rather than an erroneous interpretation of the FDCPA.

## 3. Reasonableness and Absence of Willfulness

IC reasonably investigated the dispute notices it received based on the information supplied by the consumer reporting agencies and maintained in its account records. IC denies any knowing or reckless violation of the FCRA. Any objectively reasonable interpretation of its statutory duties precludes willfulness liability.

## 4. Causation and Damages

Any recovery must be limited to injury and damages actually caused by an actionable act or omission of IC. IC denies responsibility for independent conduct of PPL, FirstPoint, or any consumer reporting agency and for injury attributable to such conduct rather than IC's conduct.

## 5. Mitigation

To the extent Plaintiff failed to take reasonable steps to avoid or reduce an alleged loss after learning of it, any otherwise recoverable actual damages must be reduced by the amount that reasonable mitigation would have avoided.

## 6. Credit for Settlement Payments

To the extent Plaintiff has received or receives payment from another Defendant for the same injury for which he seeks recovery from IC, any recovery against IC must be reduced to prevent a duplicate recovery, as permitted by applicable law.

**7. Statutory Limits**

Any recovery is subject to the applicable limitations in 15 U.S.C. §§ 1681n, 1681o, and 1692k, including the FDCPA's $1,000 limit on additional damages in an individual action. Plaintiff may recover actual damages only upon proof of compensable loss caused by a violation and may recover FCRA statutory or punitive damages only upon the required showing of willfulness.

WHEREFORE, IC requests judgment in its favor, that Plaintiff take nothing against IC, taxable costs as permitted by law, and such further relief as the Court deems proper.

**JURY DEMAND**

IC demands a trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted by:

*/s/ Joseph C. Proulx*
Joseph C. Proulx
jproulx@mgl.law
Martin Golden Lyons Watts Morgan, PLLC
410 South Ware Blvd.
Suite 806
Tampa, FL 33619
Attorneys for Defendant I.C. System, Inc.

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, the foregoing document was filed through CM/ECF, which serves all counsel of record registered to receive electronic notice in this action.

*/s/ Joseph C. Proulx*
Joseph C. Proulx